UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NOVARTIS AND PAR ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All End-Payor Actions | Case No. 1:18-cv-04361 (AKH)<br>1:18-cv-5536 (AKH)<br>1:18-cv-5603 (AKH) |

[~~PROPOSED~~] ORDER GRANTING FINAL JUDGMENT AND ORDER OF DISMISSAL APPROVING END-PAYOR PLAINTIFFS' CLASS SETTLEMENT AND DISMISSING END-PAYOR PLAINTIFFS' CLASS CLAIMS

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated February 10, 2023, between plaintiffs UFCW Local 1500 Welfare Fund and Law Enforcement Health Benefits, Inc. (together, the "End-Payor Plaintiffs" or "EPPs"), and on behalf of the Class defined below (together with the End-Payor Plaintiffs, the "Plaintiffs"), and Defendants Novartis Pharmaceuticals Corporation and Novartis AG (collectively "Novartis"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among End-Payor Plaintiffs and Novartis, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2.  The following class (the "Class" or "End-Payor Class") has been certified under Fed. R. Civ. P. 23(b)(3):

> With respect to indirect prescription purchases of Exforge and/or its AB-rated generic equivalents (the "Products") taking place between September 21, 2012 through June 30, 2018 (the "Class Period") in the District of Columbia, Arizona, California, Florida, Hawaii, Iowa, Maine, Michigan, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Utah, Vermont, West Virginia, or Wisconsin:

      i.      All entities that purchased, paid for, and/or provided reimbursement for some or all of the purchase price of the Products for consumption by their members, enrollees or insureds; and

      ii.     All individuals that purchased or paid for some or all of the purchase price of the Products without a) using a Novartis co-pay coupon or voucher while uninsured, or b) using a co-pay coupon or voucher provided by Novartis that reduced their out-of-pocket payment to less than $15.00 while insured.

Excluded from the End-Payor Class are the following:

(a) Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

(b) all federal and state governmental entities (with the exception of cities, towns, municipalities, or counties with self-funded prescription drug plans);

(c) all persons or entities who purchased Exforge for purposes of resale or directly from defendants or their affiliates;

(d) fully-insured health plans (plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members);

(e) flat co-payors (consumers covered by plans applying the same fixed dollar co-payment to both branded and generic Exforge;

(f) consumers who purchased only generic amlodipine valsartan (and not branded Exforge) under a plan that required them to make a fixed dollar copayment;

(g) pharmacy benefit managers;

(h) persons or entities purchasing only branded Exforge after September 30, 2014, and not amlodipine valsartan;

(i) all counsel of record; and

(j) the court, court personnel and any member of their immediate families.

3.      The Court previously appointed the Class Representatives UFCW Local 1500 Welfare Fund And Law Enforcement Health Benefits, Inc. The Court previously appointed DiCello Levitt LLP as Lead Counsel for the Class ("Class Counsel"). The Class Representatives

and Class Counsel have fairly and adequately represented the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4. The Court has jurisdiction over these actions, each of the parties, and all members of the Class for all manifestations of this case, including this Settlement.

5. The notice of settlement (substantially in the form presented to this Court as Exhibit B to the Settlement Agreement) (the "Notice") directed to the members of the Class, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all members of the Class who were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to object to the Settlement.

6. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the October 3, 2023 Fairness Hearing, it is hereby determined that all Class members are bound by this Order and Final Judgment.

7. The Settlement of this End-Payor Plaintiffs Class Action was not the product of collusion between the End-Payor Plaintiffs and Novartis or their respective counsel, but rather was the result of *bona fide* and extensive arm's-length negotiations conducted in good faith between Class Counsel and counsel for Novartis, with the assistance of a mediator, Eric D. Green.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and

adequate to Class members and in their best interests. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement and filed on the docket at ECF No. 600-3, and directs Angeion Group, the firm retained by Class Counsel and previously appointed by the Court as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

10. All claims brought by the End-Payor Plaintiffs against Novartis in *In re: Novartis and Par Antitrust Litigation*, 18-cv-04361-AKH (S.D.N.Y.) (the "End-Payor Class Action") are hereby dismissed with prejudice, and without costs (other than as provided herein).

11. Upon the Settlement Agreement becoming final in accordance with Paragraph 6 of the Settlement Agreement, EPPs and all Class Members, whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, on behalf of themselves and their respective past, present, and future parents, subsidiaries, associates, affiliates, officers, directors, employees, insurers, general or limited partners, divisions, agents, attorneys, servants, trustees, joint ventures, heirs, executors, administrators, representatives (and the parents' subsidiaries' and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing, on their own behalf and as assignee or representative of any other entity (collectively, the "Releasors"), will release and forever discharge, and covenant not to sue or otherwise seek to establish or impose liability against, Novartis and its past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards,

insurers, general or limited partners, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past, present, and future officers, directors, employees, agents, attorneys, servants, and representatives), and predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing (collectively, the "Releasees") from all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, under federal or state laws, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, in law or equity, that arise out of or relate, in whole or in part in any manner to the End-Payor Class Action that accrued prior to the date of this Settlement Agreement, (collectively, this entire paragraph represents the "Released Claims").

    12.    In addition, End-Payor Plaintiffs and each Class member, on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and/or benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of Paragraph 11 of the Settlement Agreement, but each Releasor hereby expressly waives and fully, finally and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, foreseen

5

or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each End-Payor Plaintiff and member of the Class also hereby expressly waives and fully, finally and forever settles, releases, and discharges any and all claims that are the subject matter of Paragraph 11 of the Settlement Agreement that it may have against any Releasees under § 17200, et seq., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction.

13. As set forth in Paragraph 12 of the Settlement Agreement (with subheading "Reservation of Claims"), the release set forth in Paragraph 11 of the Settlement Agreement (and in Paragraphs 11 and 12 of this Order) shall not release any claims between End-Payor Plaintiffs, members of the Class, and the Releasors, on the one hand, and Novartis and the Releasees, on the other (a) arising in the ordinary course of business between Releasors and Releasees under Article 2 of the Uniform Commercial Code (pertaining to sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury; (b) arising out of or in any way relating to any alleged price-fixing agreement between or among manufacturers of generic pharmaceutical products, including but not limited to Novartis or Sandoz Inc., including claims alleged in *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724, Case No. 16-MD-2724 (E.D. Pa.); and/or (c) of any sort that do not relate specifically to brand or generic Exforge.

14. Class Counsel have moved for an award of attorneys' fees, reimbursement of expenses and service awards for the Class Representatives. Class Counsel request an award of attorneys' fees of 33 1/3% of the Settlement amount (including the interest accrued thereon),

reimbursement of the reasonable costs and expenses incurred in the prosecution of this action in the amount of $2,616,323.43, and service awards of $25,000 each to the Class Representatives, and such motion has been on the docket and otherwise publicly available since July 19, 2023.

15. Upon consideration of Class Counsel's petition for fees, costs and expenses, Class Counsel are hereby awarded attorneys' fees totaling $_____ (representing \_\_\_\_\_ % of the Settlement Fund) and costs and expenses totaling $_____, together with a proportionate share of the interest thereon from the date the funds are deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs, and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with Paragraph 6 of the Settlement Agreement.

16. Upon consideration of Class Counsel's petition for service awards for Class Representatives, UFCW Local 1500 Welfare Fund And Law Enforcement Health Benefits, Inc. are each hereby awarded $_____, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with Paragraph 6 of the Settlement Agreement.

17. Class Counsel DiCello Levitt shall allocate and distribute such attorneys' fees, costs, and expenses among the various other class counsel which have participated in this litigation. The Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs, or service awards among Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, expenses, costs, or service awards to any other person or entity who may assert any claim thereto.

18.     Class Counsel DiCello Levitt is authorized to pay or distribute costs and expenses and distribute service awards authorized and approved by this Final Judgment and Order upon entry of this Order. Class Counsel DiCello Levitt is authorized to pay attorneys' fees on _____. The attorneys' fees, costs, expenses, and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that End-Payor Plaintiffs and any Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and service awards, and End-Payor Plaintiffs and members of the Class shall not seek or demand payment of any fees and/or costs and/or expenses and/or service awards from Novartis other than from the Settlement Fund.

19.     The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

20.     The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Class) and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence, admission, or concession by Novartis or any other Releasee, in this or any other matter or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any Releasee in

responding to any action purporting to assert Released Claims, or if offered by any Releasor in asserting that a claim is not a Released Claim, including because such claim is covered by Paragraph 12 of the Settlement Agreement ("Reservation of Claims").

SO ORDERED this 3rd day of October, 2023.

The Honorable Alvin K. Hellerstein
United States District Judge