UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Novartis and Par Antitrust Litigation** | 1:18-cv-04361-AKH |
| **This Document Relates to:** All Direct Purchaser Class Actions | |

[~~PROPOSED~~] ORDER APPROVING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND

AND NOW, on this **31** day of **October** 2023, upon consideration of Direct Purchaser Class Plaintiffs' Motion for Distribution from the Net Settlement Fund dated October 27, 2023, and supporting materials filed in connection therewith:

WHEREAS, the Court previously issued an Order Granting Final Judgment and Order of Dismissal Approving Direct Purchaser Class Settlement and Dismissing Direct Purchaser Class Claims against Novartis Pharmaceuticals Corporation and Novartis AG (collectively "Novartis"), ECF No. 635 (the "Final Approval Order"), approving the terms of the settlement agreement, the contents of the Claim Form, and the Plan of Allocation;

WHEREAS, pursuant to the Court-approved Plan of Allocation, RG/2 Claims Administration, ("RG/2"), the Court-appointed Claims Administrator, mailed a pre-populated Claim Form to each Class Member setting forth each Class Member's total net purchases of brand and generic Exforge during the relevant time period for allocation (described in the Plan of Allocation) using the sales data produced in this case;

WHEREAS, RG/2 has identified 45 Claimants who submitted valid, accepted claims and

1

who are eligible for participation in the Net Settlement Fund[1] and, with the assistance of Class Counsel's economic consultant Econ One, Inc. ("Econ One"), has calculated each Claimant's net qualifying purchases of brand and generic Exforge and determined the *pro rata* percentages of the Net Settlement Fund allocated to each such Claimant;

WHEREAS, the Claims Administrator rejected one claim from an entity, General Electric, which is not a Class Member and did not submit evidence of either a valid assignment from a Class Member or of any qualifying direct purchases of brand or generic Exforge;

WHEREAS, two Class Members, McKesson Corporation ("McKesson") and Walmart, Inc. ("Walmart") are continuing to confer concerning a portion of their respective shares relating to an assignment of rights from McKesson to Walmart, but that issue does not affect the claims of any other Claimant in any way and does not affect other portions of the claims of McKesson and Walmart;

WHEREAS, RG/2, who was retained and approved by the Court to serve as the Settlement Administrator has incurred claims administration expenses totaling $11,264 and anticipates incurring an additional $6,127 in fees and expenses necessary to complete the initial distribution of funds to Claimants, file the necessary tax returns, and respond to any Claimant inquiries;

WHEREAS, in addition to RG/2's outstanding and anticipated fees, there are outstanding invoices to Econ One totaling $19,195.50 for work done in connection with administering the Plan of Allocation, and calculating each claimant's *pro rata* share of the Net Settlement Fund and Econ One estimates incurring an additional $1,500 in fees;

WHEREAS, RG/2 has estimated a $1,250,000 tax liability for interest earned on funds held

---

[1] "Net Settlement Fund" is defined in Direct Purchaser Class Plaintiffs' Plan of Allocation for the Direct Purchaser Class. ECF No. 587-2.

in the Net Settlement Fund if a distribution is made by December 2023;

WHEREAS, as set forth in Paragraph 17 of the Final Approval Order, the Court has retained jurisdiction over the action, the parties, and all Class Members.

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. The administrative determinations of RG/2 concerning the claims submitted in this case as set forth in RG/2 Declaration[2] are hereby APPROVED.

2. RG/2 shall distribute to each of the 45 Claimants whose Claim Form has been accepted by RG/2 and which is listed in Exhibit D to the RG/2 Declaration its *pro rata* percentage share of the balance of Net Settlement Fund, as computed by Econ One, who assisted RG/2, while holding back the portion subject to discussion between McKesson and Walmart (the "Withheld Share" identified in Exhibit D to the RG/2 Declaration) until Walmart and McKesson reach agreement or the issue is otherwise resolved.

3. Payment from the Net Settlement Fund in the amount of $17,391 to RG/2 for fees and expenses associated with the claims administration process is hereby APPROVED.

4. Payment from the Net Settlement Fund in the amount of $20,695.50 to Econ One for fees and expenses associated with the claims administration process is hereby APPROVED.

5. Withholding of $1,250,000 from the distribution to cover the 2023 estimated tax liability is APPROVED.

6. No additional Claim Forms, beyond those 45 previously received and accepted by RG/2, listed in Exhibit D to the RG/2 Declaration, shall be allowed.

7. Any further claims against the Net Settlement Fund established for purposes of the

---

[2] The "RG/2 Declaration" is the Declaration of Tina Chiango in Support of Direct Purchaser Class Plaintiffs' Motion for Distribution from the Net Settlement Fund, dated October 27, 2023 and filed with Direct Purchaser Class Plaintiffs' Motion for Distribution from the Net Settlement Fund.

settlement, beyond those 45 Claim Forms already received and accepted listed in Exhibit D to the RG/2 Declaration and resolution of the distribution of the Withheld Share, are finally and forever barred.

8. Direct Purchaser Class Plaintiffs, Class Counsel, Econ One, RG/2, and all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed in this action, or who are otherwise involved in the administration or taxation of the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the settlement agreement, all Class Members and Claimants, whether or not they are to receive payment from the Net Settlement Fund, are hereby barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as described in ¶ 2 above.

9. Class Counsel, RG/2, and Econ One are hereby authorized to discard (a) paper or hard copies of Claim Forms and related documents not less than one year after the final distribution of the Net Settlement Fund to Claimants with accepted claims; and (b) electronic media or data not less than three years after the distribution of the Net Settlement Fund to Claimants.

10. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of the settlement.

SO ORDERED.

Dated: Oct. 31, 2023

The Honorable Alvin K. Hellerstein
United Stated District Judge

4